**PRO–LINE CORPORATION, a Texas corporation, Plaintiff,**

**v.**

**MIDWEST HAIR GOODS COMPANY, an Illinois corporation, Midwest Merchandisers Div., Defendant.**

No. 83 C 4121.

United States District Court, N.D. Illinois, E.D.

Jan. 15, 1985.

Charles L. Wolberg, Rappaport & Meyer, Chicago, Ill., for plaintiff.

Herbert H. Fisher, Law Offices of Herbert H. Fisher, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

On August 5, 1983, this Court entered judgment on plaintiff's complaint in favor of plaintiff Pro-Line Corp. ("Pro-Line") and against defendant Midwest Hair Goods Co. ("Midwest") in the amount of $26,600.19. The judgment against Midwest remains unsatisfied. On September 5, 1983, plaintiff filed a citation to discover the assets of Chico Foote, the principal officer and sole shareholder of Midwest. Plaintiff seeks to hold Foote personally liable for the judgment against Midwest on the grounds that Foote is the *alter ego* of Midwest.

After Foote produced his accountant for an "informal" examination, plaintiff filed a petition requesting the Court to enter judgment against Chico Foote individually in the amount of $26,600.19 and that a turnover order be entered on five automobiles allegedly owned by Foote and other property allegedly owned by Midwest. Foote has answered plaintiff's petition; moved for summary judgment in his favor; and requests an order denying the relief requested by plaintiff. Plaintiff argues that factual issues exist and that a hearing pursuant to Ill.Rev.Stat. ch. 110, § 2–1402 is required to determine whether the turnover order and judgment against Foote are appropriate.

Rule 69 of the Federal Rules of Civil Procedure provides that supplementary proceedings in aid of the Court's judgment are to be conducted "in accordance with the practice and procedure of the state in which the district court is held...." Fed. R.Civ.P. 69(a). Under Ill.Rev.Stat., ch. 110, § 2–1402, a plaintiff may prosecute "supplementary proceedings for the purpose of examining the judgment debtor or any oth-

er person to discover assets or income of the debtor not exempt from the enforcement of the judgment...." *Id.* at § 2–1402(a). The Court may compel "any person cited ... to deliver up any assets so discovered...." *Id.* at § 2–1402(b)(3). If it appears, however, that the assets discovered are claimed by a person other than the judgment debtor, the Court shall permit the claimant "to appear and maintain his or her right[s]" in the supplementary proceedings. *Id.* at § 2–1402(e).

██ Under Illinois law, summary judgment is available to resolve issues raised under Ill.Rev.Stat. ch. 110, § 2–1402. *Federal Ins. Co. v. Maritime Shipping, Etc.*, 64 Ill.App.3d 19, 20 Ill.Dec. 664, 380 N.E.2d 873 (1st Dist.1978). In federal court, however, summary judgment is appropriate only "if the pleadings, depositions, and affidavits fail to disclose a genuine issue of material fact." *Gracyalny v. Westinghouse Electric Corp.*, 723 F.2d 1311, 1316 (7th Cir.1983). In deciding this question, the Court must "resolve all doubts against the party seeking summary judgment." *Id.* Applying this standard, the following facts are assumed as true for purposes of this motion.

Chico Foote is the principal officer and sole shareholder of defendant Midwest. Midwest is an Illinois corporation doing business as a wholesale distributor of beauty and hair goods supplies. Plaintiff's judgment against Midwest in the amount of $26,600.19 remains unsatisfied. Although Midwest ceased doing business in 1981, Foote continued to receive a substantial salary from Midwest during 1981 and 1982. In addition, Midwest funds were used to pay real estate taxes on property owned by Foote in 1981 and 1982. Finally, Foote converted five automobiles belonging to Midwest without payment to Midwest.[1]

Foote is also the president and owner of Peoples Discount Corporation ("Peoples") and Halsted Liquors ("Halsted"), both Illi-

---

1. Although Foote disputes many of these facts, for purposes of this motion, the Court assumes that plaintiff's version of the facts are true.

*Gracyalny v. Westinghouse Electric Corp.*, 723 F.2d 1311, 1316 (7th Cir.1983).

nois corporations doing business at the same location as Midwest. Plaintiff alleges that Midwest funds were used to make improvements on real estate occupied by Foote, Peoples and Halsted. Additionally, Foote admits in his affidavit that the payrolls of Halsted and Peoples were "funnelled through defendant's [Midwest] checking and payroll accounts...." Answer to Petition, at 1.

 In order to hold Foote personally liable on the judgment against Midwest, plaintiff must establish that Foote is the *alter ego* of Midwest. *See Federal Ins. Co. v. Maritime Shipping Agencies, Inc.,* 64 Ill.App.3d 19, 20 Ill.Dec. 664, 380 N.E.2d 873 (1st Dist.1978). An officer of a corporation will be considered the *alter ego* of the corporation where:

> ... there is such unity of interest and ownership that the separateness of the individual and corporation has ceased to exist, and the facts are such that an adherence to the fiction of separate existence of the corporation would sanction a fraud or promote injustice....

*Federal Ins. Co.,* 20 Ill.Dec. at 671, 380 N.E.2d at 880. In order to hold Peoples or Halsted liable for the judgment against Midwest, plaintiff must establish that either Peoples or Halsted acted as the *alter ego* of Midwest. *Id. See also In re Bowen Transports, Inc.,* 551 F.2d 171, 179 (7th Cir.1977). The corporate veil of an affiliated corporation may be disregarded when required in the interests of justice. *In re Bowen Transport Inc.,* 551 F.2d at 179.

 Although Foote has filed a detailed affidavit in support of his motion for summary judgment, factual issues have been raised which cannot be resolved by affidavit. Accordingly, an evidentiary hearing is required to determine whether Foote, Peoples or Halsted acted as the *alter egos* of Midwest and, therefore, are liable to plaintiff for the judgment against Midwest. In addition, the Court must decide which entity has ownership interests in the five automobiles sought by plaintiff and whether they should be turned over to plaintiff in partial satisfaction of the judgment against Midwest.

## CONCLUSION

Defendant Chico Foote's motion for summary judgment is denied. The issues raised by plaintiff's Petition and defendant Foote's Answer will be set for an evidentiary hearing before a Magistrate of this Court.

IT IS SO ORDERED.